**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6690**

---

MARKESE D. RICE,

        Petitioner - Appellant,

    v.

KENNETH DIGGS,

        Respondent - Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, Chief District Judge.  (3:23-cv-00355-MR)

---

Submitted:  December 29, 2023           Decided:  February 23, 2024

---

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Markese D. Rice, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markese D. Rice appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion for relief from judgment as an unauthorized, successive 28 U.S.C. § 2254 petition and dismissing it on that basis.* Our review of the record confirms that the district court properly construed Rice's Rule 60(b) motion as a successive § 2254 petition over which it lacked jurisdiction because he failed to obtain prefiling authorization from this court. *See* 28 U.S.C. § 2244(b)(3)(A); *McRae*, 793 F.3d at 397-400. Accordingly, we affirm the district court's order.

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Rice's notice of appeal and informal brief as an application to file a second or successive § 2254 petition. Upon review, we conclude that Rice's claims do not meet the relevant standard. *See* 28 U.S.C. § 2244(b)(2). We therefore deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive habeas petition. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

2